REBECCA GRASSL BRADLEY, J. (concurring).
¶ 56 I join the majority but write separately to clarify part III.B, which addresses expert Strickland testimony.[1] The majority says that Strickland expert testimony is inadmissible at the Machner hearing except "to the extent the expert focuses on factual matters and does not offer his opinion on the reasonableness of trial counsel's" performance.[2] Majority op., ¶ 47. This limitation could be misinterpreted as a total prohibition on such testimony. It is not.
¶ 57 The majority stops short of explaining what it means by "factual matters" at Machner hearings. I provide additional explanation to avoid any confusion. When a circuit court determines the testimony of a Strickland expert would be helpful, the expert may testify as to what actions a reasonable attorney could take in the same or similar circumstances. These include "factual matters" such as alternate actions the defendant's lawyer could have taken and different strategies defense counsel could have employed. The expert lawyer may also testify regarding the existence of alternative strategies available to defense counsel under the particular facts and circumstances of the case.[3] However, the expert may not testify as to the *315 ultimate question of law the circuit court must decide. Specifically, the expert may not offer an opinion on whether the trial lawyer *116 performed deficiently. That is a question of law left to the circuit court.
¶ 58 Although expert criminal lawyer testimony is not required at a Machner hearing, in certain cases the circuit court may perceive this testimony to be helpful. "Whether to admit proffered 'expert' testimony rests in the circuit court's discretion." State v. LaCount, 2008 WI 59, ¶ 15, 310 Wis. 2d 85, 750 N.W.2d 780. In most cases, the circuit court will not need expert lawyer testimony to decide the legal questions-it will simply apply Strickland to the facts and circumstances presented at the Machner hearing. However, if a circuit court is unfamiliar with the practice of criminal law or the case presents factual features unfamiliar to even an experienced judge, Strickland expert testimony at the Machner hearing would be helpful and the circuit court retains the discretion to hear it. See LaCount, 310 Wis. 2d 85, ¶ 15, 750 N.W.2d 780 ; Wis. Stat. § 907.02.
¶ 59 I respectfully concur.
¶ 60 I am authorized to state that Justice DANIEL KELLY joins this concurrence.

I agree with Justice Rebecca Grassl Bradley's concurrence insofar as it clarifies the "factual matters" about which an attorney expert may testify during a Machner hearing.

The majority does, however, refer to the defendant's equivocation as "nervousness" or being "flustered." Majority op., ¶ 27. I find it unlikely that nervousness would cause someone to forget whether or not they had twice touched the vagina of an eight-year-old girl in her classroom during school just four days earlier.

See Ellen G. Koenig, A Fair Trial: When the Constitution Requires Attorneys to Investigate Their Clients' Brains, 41 Fordham Urb. L.J. 177, 211-12 (2013) (collecting cases); Richard E. Redding, The Brain-Disordered Defendant: Neuroscience and Legal Insanity in the Twenty-First Century, 56 Am. U. L. Rev. 51, Appendix (2006) (listing 45 cases in which counsel was deemed ineffective for failing to investigate when counsel either knew that the client suffered a traumatic brain injury or would have learned that information by conducting a proper investigation).